[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 I
The Statewide Grievance Committee (hereinafter, the Committee) has brought the instant presentment alleging that the respondent, Hyacinth V. Douglas-Bailey violated Rule 1.15 of the Rules of Professional Conduct by allowing her clients' funds account to be overdrawn.[1] Additionally, the Committee alleges that she failed to adequately explain certain overdrafts or make her records available in violation of Practice Book § 2-27(c) (formerly Practice Book § 27A(c)).[2]
This court received a stipulation of facts as well as additional evidence at the hearing of August 5, 1998. Pursuant to CT Page 13895 overdraft notification requirements of Practice Book § 2-28(f) (formerly Practice Book § 27A.1(d)), Fleet Bank notified the Committee that the respondent had an overdraft in her clients' funds account.[3] The respondent explained that at the conclusion of a late afternoon real estate closing on January 20, 1997, the seller simply deposited his check prior to the respondent depositing the closing funds. Her explanation has now been accepted by the Committee and this court. There is no evidence that would suggest that Attorney Douglas-Bailey committed any violation. The checks cleared without problem.[4]
Unfortunately, what could have been an easy explanation and presumably a resolution to the entire issue nevertheless evolved into a presentment to this court.
Having received the initial overdraft notice from Fleet Bank, the Committee attempted to obtain an explanation. Attorney Douglas-Bailey agrees that she did not respond to either a January 30, 1997 inquiry letter or a follow up letter dated February 11, 1997. The matter was thus referred to and reviewed by the local Grievance Panel. On April 1, 1997, it issued a decision indicating that probable cause existed for a finding that the respondent had failed to respond to a notice of overdraft and had committed a violation of Rule 1.15.
A hearing was ultimately scheduled for August 14, 1997 in Bridgeport but due to both a traffic delay and confusion in the clerk's office, Attorney Douglas-Bailey arrived approximately thirty minutes late. Apparently the Committee had concluded its business prior to her arrival and accordingly, she was advised to request a reopening of the matter. She unfortunately never made this request. The Committee issued its decision on November 12, 1997 recommending presentment and the respondent did not file an objection to the decision.
 II
The Committee has now asked this court to suspend her for six months for violating the notification requirements. This court does not believe such a sanction is warranted; yet her actions, in violation of Practice Book § 2-27(c) cannot be condoned.
As previously discussed, the process started because our rules require a financial institution to give notice of an overdraft to the Committee pursuant to Practice Book § 2-28(f). We should, and do, take all necessary steps to protect CT Page 13896 the integrity of the clients' funds system.
As noted in the Commentary to Rule 1.15, "a lawyer should hold property of others with the care required of a professional fiduciary." Rule 1.15(a) requires a lawyer to keep "complete records of such account funds" and Practice Book § 2-27(c) requires that the records be available "for review and audit upon a finding by the statewide grievance committee or a grievance panel that there exists probable cause that the lawyer or law firm is guilty of misconduct."[5]
Moreover, Practice Book § 2-28(h) (formerly Practice Book § 27A.1(f)), the section which covers overdraft notification, states, in part:
 Every attorney practicing or admitted to practice in Connecticut shall, as a condition thereof, be conclusively presumed to have authorized the reporting and production requirements of this section.
For whatever reason, Attorney Douglas-Bailey failed to produce the exculpating information. Specifically she failed to fully respond to the subpoena issued to her for the August 5, 1998 hearing. This court notes that the Committee surely could have (and perhaps should have), on its own, rescheduled another hearing. It did not — but this is no excuse. The duty and obligation remained with the respondent. With an explanation, the matter might simply have ended; without it, the Committee was unable to comply with its judicially mandated duty to ensure there was no problem with a firm's clients' funds. That duty should not be thwarted by simple inaction on the part of any member of the bar. For this failure to comply with Practice Book § 2-27(c), this court orders that Attorney Douglas-Bailey be reprimanded.
Berger, J.